UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES STEPHAN PINSON,

    Petitioner,

v.

JERI-ANN SHERRY,

    Respondent,
_____/

Civil No. 4:08-12375
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

James Stephan Pinson, ("Petitioner"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* "Writ of Protective Habeas Corpus to Stay and Abey Under 28 U.S.C. § 2254," in which he challenges his conviction for armed robbery, M.C.L. 750.529; conspiracy to commit armed robbery, M.C.L. 750.157a, two counts of possession of a firearm during the commission of a felony, M.C.L. 750.227b, fleeing and eluding, third degree, M.C.L. 750.479a, felon in possession of a firearm, M.C.L. 750.224f, resisting and obstructing a police officer, causing injury, M.C.L. 750.81d; and being fourth felony habitual offender, M.C.L. 769.12. Petitioner asks this Court to hold the petition in abeyance in order to permit him to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust claims which were apparently not raised in his direct appeal. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings, subject to the terms outlined below, to permit Petitioner to complete his post-conviction proceedings in the state courts to exhaust his claims. The Court will also administratively close the case.

### I. Background

1

Petitioner was convicted of the above offenses following a jury trial in the Saginaw County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Pinson,* No. 2004 WL 2827395 (Mich. Ct. App. December 9, 2004); *lv. den.* 473 Mich. 884, 699 N.W.2d 703 (2005). [1]

Petitioner subsequently filed a post-conviction motion for relief from judgment with the Saginaw County Circuit Court. The trial court denied Petitioner's post-conviction motion on February 21, 2007. The Michigan Court of Appeals dismissed Petitioner's application for leave to appeal on February 22, 2008 as untimely filed, because it was not filed within one year of the denial of his motion by the trial court, as required by M.C.R. 7.205. Petitioner, however, contends that he gave his application for leave to appeal to his prison counselor for filing on February 20, 2008, within the one year for filing an application for leave to appeal with the Michigan Court of Appeals. Petitioner has filed a motion for reconsideration with the Michigan Court of Appeals, asking them to reconsider the dismissal of his post-conviction appeal.

On June 4, 2008, Petitioner filed what appears to be a protective petition for writ of habeas corpus, in which he seeks habeas relief from his convictions. [2]

## II. Discussion

Petitioner has asked this Court to hold the instant petition in abeyance to permit him to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust claims that were apparently not presented to the Michigan appellate courts as part of the direct review

---

[1] This Court obtained the information regarding Petitioner's direct appeals from the internet website for Westlaw. *See* www.westlaw.com. Public records and government documents, including those available from reliable sources on the internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

[2] On June 9, 2008, Magistrate Judge R. Steven Whalen signed an order of deficiency, based upon Petitioner's failure to either pay the filing fee or an application to proceed *in forma pauperis.* On June 24, 2008, Petitioner corrected the deficiency by paying the $5.00 filing fee.

2

process.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-278 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Grant v. Rivers*, 920 F. Supp. 769, 779 (E.D. Mich. 1996). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

To the extent that Petitioner is seeking habeas relief on the grounds raised in his post-conviction proceedings, these claims are unexhausted because they remain pending before the Michigan Court of Appeals. A habeas petition should be denied on exhaustion grounds where a state post-conviction motion remains pending in the state courts. *Juliano v. Cardwell*, 432 F. 2d 1051, 1051 (6th Cir. 1970); *Haggard v. State of Tenn.,* 421 F. 2d 1384, 1386 (6th Cir. 1970).

Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). In the present case, the Michigan Court of Appeals has yet to rule on Petitioner's motion for

3

reconsideration. Moreover, if Petitioner were to receive an adverse decision from the Michigan Court of Appeals, he would be required to seek leave to appeal from the Michigan Supreme Court in order to satisfy the exhaustion requirement. In the present case, because Petitioner has failed to complete his post-conviction appeals in the Michigan Court of Appeals or the Michigan Supreme Court, he has failed to exhaust the claims that he raised in his 6.500 motion. *See e.g. Paffhousen v. Grayson,* 238 F. 3d 423, 2000 WL 1888659, * 2 (6th Cir. December 19, 2000)*; Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The Court is concerned that in dismissing the current petition outright, there is the possibility that Petitioner might be prevented under the AEDPA's one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claims in the state courts. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The United States Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as Petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may therefore stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278. However, even where a

district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.*

Therefore, in order to avoid Petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance. This tolling, however, is conditioned upon Petitioner initiating his state post-conviction remedies, which he has apparently already done, and more importantly, returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Hargrove,* 300 F. 3d at 718; *Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003). This Court takes no position at this time on the merits of Petitioner's claims.

### III. ORDER

Accordingly, **IT IS HEREBY ORDERED** that the petition for writ of habeas corpus shall be **HELD IN ABEYANCE** pending the completion of petitioner's state application for post-conviction review. This tolling is **CONDITIONED** upon petitioner re-filing his habeas petition under the current caption and case number within **SIXTY (60) DAYS** after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

**SO ORDERED.**

Dated:   July 8, 2008                                         s/Paul V. Gadola
                                                                              HONORABLE PAUL V. GADOLA
                                                                              UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   July 8, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   James Pinson  .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845